DAVID L. NEALE (SBN 141225)
KRIKOR J. MESHEFEJIAN (SBN 255030)
LEVENE, NEALE, BENDER, YOO & GOLUBCHIK L.L.P.
2818 La Cienega Avenue
Los Angeles, California 90034
Telephone: (310) 229-1234; Facsimile: (310) 229-1244
Email: DLN@LNBYG.COM; KJM@LNBYG.COM

Attorneys for Defendant and Chapter 11 Debtor and Debtor in Possession

**UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
SAN FERNANDO VALLEY DIVISION**

| | |
|---|---|
| In re: | Case No. 1:22-bk-10196-MB |
| DANIEL JAMES SEAVEY, | Chapter 11 |
| Debtor and Debtor in Possession | Adv. Proc. No. 1:22-ap-01059-MB |
| SIGNATURE ENTERTAINMENT LLC, | |
| Plaintiff, | **ANSWER TO COMPLAINT** |
| v. | |
| DANIEL JAMES SEAVEY, | |
| Debtor-Defendant. | |

1

Defendant Daniel James Seavey ("Defendant"), hereby files this Answer and Affirmative Defenses to the Complaint filed against Defendant by Signature Entertainment LLC ("Plaintiff"), and in support thereof, respectfully submits the following.  Defendant consents to the entry of a final order or judgment by the Bankruptcy Court in this adversary proceeding.

## ANSWER

Defendant denies each and every allegation contained in the Complaint except as hereinafter stated, qualified, or admitted.  Without waiving any other defense, Defendant responds to the allegations of the Complaint paragraph by paragraph, as follows:

1. Defendant denies that this action arises solely from the agreement between Signature and Seavey dated September 23, 2016 (the "Signature Agreement").  The Signature Agreement has been rejected by order of the Bankruptcy Court, and this action is subject to, and affected by, among other things, the rejection of the Signature Agreement.  Defendant denies all other allegations of paragraph 1 of the Complaint.

2. Defendant denies that "[t]he Rejection Order did not address the effect of rejection of the Signature Agreement."  Defendant admits all other allegations of paragraph 2 of the Complaint.

3. Defendant admits that the parties disagree about the effect of the Court's Rejection Order.  Defendant denies all other allegations of paragraph 3 of the Complaint.

4. Paragraph 4 of the Complaint constitutes a statement of Plaintiff's request to the Court, and as such does not constitute a factual allegation that Plaintiff can admit or deny.  To the extent a response is required, Defendant denies the allegations in paragraph 4 of the Complaint.

5. Defendant admits the allegation in paragraph 5 of the Complaint.

6. Defendant admits the allegation in paragraph 6 of the Complaint.

7. The allegations contained in paragraph 7 of the Complaint state legal conclusions and/or preliminary statements to which no response is required.  To the extent a response is required, Defendant denies the allegations in paragraph 7 of the Complaint.

2

Main Document    Page 3 of 8

8. The allegations contained in paragraph 8 of the Complaint appear to provide that Plaintiff consents to entry of final orders by this Court in this adversary proceeding. Defendant submits that a response is not required to such allegations.

9. Defendant does not have sufficient knowledge to either admit or deny the allegations contained in paragraph 9 of the Complaint, and therefore, denies such allegations.

10. Defendant does not have sufficient knowledge to either admit or deny the allegations contained in paragraph 10 of the Complaint, and therefore, denies such allegations.

11. Defendant only admits that Signature hired five artists for hire to participate in the band. Defendant denies all other allegations contained in paragraph 11 of the Complaint.

12. Defendant admits the allegations contained in paragraph 12 of the Complaint.

13. Defendant denies that any purported affirmation of the Signature Agreement is or was valid or effective, and on that basis, denies the allegations contained in paragraph 13 of the Complaint. The Signature Agreement is void and unenforceable.

14. Defendant denies the allegations contained in paragraph 14 of the Complaint.

15. Defendant admits the allegations contained in paragraph 15 of the Complaint.

16. Defendant does not have sufficient knowledge to either admit or deny the allegations contained in paragraph 16 of the Complaint, and therefore, denies such allegations.

17. Defendant denies the allegations contained in paragraph 17 of the Complaint.

18. Defendant admits the allegations contained in paragraph 18 of the Complaint.

19. Defendant denies the allegations contained in paragraph 19 of the Complaint.

20. Defendant denies the allegations contained in paragraph 20 of the Complaint. The Signature Agreement speaks for itself. The Signature Agreement has been rejected. The Signature Agreement is void and unenforceable.

21. Defendant denies the allegations contained in paragraph 21 of the Complaint. The Signature Agreement speaks for itself. The Signature Agreement has been rejected. The Signature Agreement is void and unenforceable.

22. Defendant denies the allegations contained in paragraph 22 of the Complaint. The Signature Agreement speaks for itself. The Signature Agreement has been rejected. The Signature Agreement is void and unenforceable.

23. Defendant denies the allegations contained in paragraph 23 of the Complaint. The Signature Agreement speaks for itself. The Signature Agreement has been rejected. The Signature Agreement is void and unenforceable.

24. Defendant denies the allegations contained in paragraph 24 of the Complaint. The Signature Agreement speaks for itself. The Signature Agreement has been rejected. The Signature Agreement is void and unenforceable.

25. Defendant denies the allegations contained in paragraph 25 of the Complaint. The Signature Agreement speaks for itself. The Signature Agreement has been rejected. The Signature Agreement is void and unenforceable.

26. Defendant admits the allegations contained in paragraph 26 of the Complaint.

27. Defendant admits the allegations contained in paragraph 27 of the Complaint.

28. Defendant admits that the Court held a hearing on the Motion on March 30, 2022, and subsequently granted the Motion. Defendant denies that "[t]he Rejection Order did not address the effect of the Debtor's rejection of the Signature Agreement."

29. Defendant does not have sufficient knowledge to either admit or deny the allegations contained in paragraph 29 of the Complaint, and therefore, denies such allegations.

30. Defendant admits that to the extent a tour was held, he intended to perform on such tour to the extent he was authorized to do so.

31. Defendant does not have sufficient knowledge to either admit or deny the allegations contained in paragraph 31 of the Complaint, and therefore, denies such allegations.

32. Defendant does not have sufficient knowledge to either admit or deny the allegations contained in paragraph 32 of the Complaint, and therefore, denies such allegations.

33. Defendant does not have sufficient knowledge to either admit or deny the allegations contained in paragraph 33 of the Complaint, and therefore, denies such allegations. However, Defendant admits that he intends to pursue a solo career.

34. Defendant restates and incorporates each preceding paragraph of this Answer in response to the allegations set forth in paragraph 34 of the Complaint.

35. Defendant admits that there exists an actual and present controversy between the parties concerning the effect of rejection of the Signature Agreement, and Defendant admits that the parties dispute whether Signature's contractual rights are still binding on Defendant until the end of the purported term of the Signature Agreement. Defendant denies all other allegations contained in paragraph 35, including paragraph 35.a-n. The Signature Agreement speaks for itself. The Signature Agreement has been rejected. The Signature Agreement is void and unenforceable.

36. The allegations contained in paragraph 36 of the Complaint state legal conclusions to which no response is required. To the extent an answer is required, Defendant denies the allegations in paragraph 36 of the Complaint.

37. Paragraph 37 of the Complaint constitutes a statement of Plaintiff's request to the Court, and as such does not constitute a factual allegation that Plaintiff can admit or deny. To the extent a response is required, Defendant denies the allegations in paragraph 37 of the Complaint.

38. Plaintiff denies the allegations contained in paragraph 38 of the Complaint. This is not a matter of contractual interpretation. Rather, there exists a legal issue regarding the impact of rejection of the Signature Agreement.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

(Failure to State a Claim or Cause of Action)

1. Plaintiff's Complaint fails to state claims or causes of action upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

(Estoppel)

2. Plaintiff's claims are barred by estoppel.

### THIRD AFFIRMATIVE DEFENSE

(Waiver)

3. Plaintiff's claims are barred by waiver.

**FOURTH AFFIRMATIVE DEFENSE**

(Unclean Hands, Laches, Inequitable Conduct, In Pari Delicto)

4. Plaintiff's claims are barred in whole or in part by the doctrines of unclean hands, laches, inequitable conduct, or *in pari delicto*.

**FIFTH AFFIRMATIVE DEFENSE**

(Rejection of the Signature Agreement pursuant to 11 U.S.C. § 365 gives rise to nothing more than a general unsecured claim)

5. Plaintiff is barred from any judgment, order, or declaratory or injunctive relief that would serve to limit, restrict, or impair Defendant in any manner, as Plaintiff is entitled to nothing more than a general unsecured claim in connection with the rejection of the Signature Agreement.

**SIXTH AFFIRMATIVE DEFENSE**

(Equitable Relief)

6. Plaintiff's recovery under its Complaint, if any, should be equitably limited by the Bankruptcy Court's power under 11 U.S.C. §105(a).

**SEVENTH AFFIRMATIVE DEFENSE**

(Statute of Limitations)

7. The relief sought by Plaintiff is barred by the applicable statute of limitations.

**EIGHTH AFFIRMATIVE DEFENSE**

(Lack of Privity)

8. Plaintiff is barred from any relief because there is and never was privity of contract between Plaintiff and Defendant with respect to the matters at issue in the Complaint. The Signature Agreement is void and unenforceable.

**NINTH AFFIRMATIVE DEFENSE**

(Satisfaction of obligation)

9. Plaintiff is barred from any relief because any purported obligation of Defendant to Plaintiff has been satisfied and/or released.

### TENTH AFFIRMATIVE DEFENSE

(Release of underlying obligation)

10. Defendant has been released of any obligation related to the Signature Agreement.

### ELEVENTH AFFIRMATIVE DEFENSE

(Signature Agreement is void and unenforceable)

11. The Signature Agreement is void and unenforceable against Defendant.

### TWELFTH AFFIRMATIVE DEFENSE

(Illegality)

12. The Signature Agreement is an illegal contract, and is therefore void and unenforceable against Defendant.

### THIRTEENTH AFFIRMATIVE DEFENSE

(Restrictive covenants in Signature Agreement are illegal)

13. Any and all restrictive covenants, including, without limitation, any restrictive covenants set forth in paragraphs 11 and 12 of the Signature Agreement, are illegal, void, and unenforceable under applicable law.

### FOURTEENTH AFFIRMATIVE DEFENSE

14. Defendants reserve the right to assert additional and/or different affirmative defenses as discovery progresses and the facts are ascertained to support such affirmative defenses.

**WHEREFORE**, Defendant respectfully requests that this Court:

A. Enter judgment in favor of Defendant;

B. Award Defendant his reasonable attorneys' fees, costs and expenses; and

C. Grant such other and further relief as the Court deems just and proper.

Dated: December 15, 2022            LEVENE, NEALE, BENDER, YOO
                                                      & GOLUBCHIK L.L.P.

                                             By: */s/ David L. Neale*
                                                      David L. Neale
                                                      Krikor J. Meshefejian
                                                      Attorneys for Plaintiff

Case 1:22-ap-01059-MB    Doc 6    Filed 12/15/22    Entered 12/15/22 14:51:37    Desc
Main Document    Page 8 of 8

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 2818 La Cienega Avenue, Los Angeles, CA 90034.

A true and correct copy of the foregoing document entitled **ANSWER TO COMPLAINT** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **December 15, 2022**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Lauren T Attard**     lattard@bakerlaw.com
- **Andrew W. Levin (TR)**     andy@fairpointllc.com, C198@ecfcbis.com
- **Krikor J Meshefejian**     kjm@lnbyg.com
- **David L. Neale**     dln@lnbyg.com
- **United States Trustee (SV)**     ustpregion16.wh.ecf@usdoj.gov

**2. SERVED BY UNITED STATES MAIL**: On **December 15, 2022**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

None.

☐ *Service information continued on attached page*

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **December 15, 2022**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

None.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| December 15, 2022 | Lourdes Cruz | /s/ Lourdes Cruz |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                    **F 9013-3.1.PROOF.SERVICE**